**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ISAIAH T. CRISS,

                                        Petitioner,

                - v -                                                    9:19-CV-01513
                                                                              (MAD/DJS)

SUPERINTENDENT, *Elmira Correctional Facility*,

                                        Respondent.

**APPEARANCES:**                          **OF COUNSEL:**

ISAIAH T. CRISS
Petitioner *Pro Se*
14-B-1630
Elmira Correctional Facility
Box 500
Elmira, New York 14901-0500

HON. LETITIA JAMES                        PAUL B. LYONS, ESQ.
Attorney General for the State of New York    PRISCILLA I. STEWARD, ESQ.
Attorney for Respondent                   Assistant Attorneys General
28 Liberty Street
New York, New York 10005

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER[1]

    *Pro se* Petitioner Isaiah Criss was convicted upon a jury trial of murder in the

second degree and criminal possession of a weapon.  Dkt. No. 1, Petition ("Pet.") at pp.

1-2.[2]  He was sentenced to concurrent prison terms of twenty-five years to life for his

---

[1] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

[2] Citations to the Petition are to the page numbers assigned by the Court's CM/ECF system.

conviction of murder in the second degree, and fifteen years, followed by five years of post-release supervision, for his conviction of criminal possession of a weapon. *Id.*; Dkt. No. 10-1, State Court Record ("SR") at p. 233.[3]    Petitioner presently seeks a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254 on two grounds: first, that he received ineffective assistance of counsel, and second, that the evidence adduced at trial was legally insufficient to support the jury's verdict. Pet. at pp. 6-8.  Respondent has filed a Memorandum of Law in Opposition to the Petition, Dkt. No. 8, Resp. Mem. of Law, and an Answer, Dkt. No. 9, both on the limited issue of timeliness.  Petitioner then filed a Traverse.  Dkt. No. 14.  For the reasons that follow, this Court recommends that the Petition be **denied.**

## I.  BACKGROUND

On January 25, 2013, Petitioner was named in an indictment charging him with murder in the second degree and criminal possession of a weapon.  SR at p. 101.  He was arraigned on the indictment in Broome County Court on February 6, 2013.  SR at p. 9. Petitioner pled not guilty to all counts and the matter was subsequently scheduled for trial. *Id.*  On March 5, 2014, following a trial by jury, Petitioner was found guilty of murder in the second degree and criminal possession of a weapon in the second degree.  SR at p. 233.  He was sentenced to a term of imprisonment of a minimum of twenty-five years to a maximum of life for his murder conviction, to be served with a concurrent term of

---

[3] Citation to the state court record is in the form "SR" followed by the page numbering provided by Respondent.

fifteen years with five years of post-release supervision for his criminal possession of a weapon conviction. *Id.*

Petitioner appealed to the New York Appellate Division, Third Department. SR at p. 32. The Appellate Division unanimously affirmed Petitioner's conviction. *People v. Criss*, 151 A.D.3d 1275 (3d Dep't 2017). The New York Court of Appeals subsequently denied leave to appeal. 30 N.Y.3d 979 (2017).

## II. DISCUSSION

### A. Timeliness of the Petition

Respondent maintains that Petitioner's claim is time-barred under the applicable statute of limitations. *See* Resp. Mem. of Law at pp. 4-13. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, a one-year statute of limitations was established for prisoners seeking federal review of their state court criminal convictions. 28 U.S.C. § 2244(d)(1). The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 (2012).

For purposes of section 2244, a state conviction becomes "final" when the United States Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari has expired, which is ninety days after the date on which the highest court in the state has completed direct review of the case. *Gonzalez v. Thaler*, 565 U.S. at 150; *Saunders v. Senkowski*, 587 F.3d 543, 547-59 (2d Cir. 2009). The one-year limitation period under AEDPA is tolled while "a properly filed application for State post-

conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Saunders v. Senkowski*, 587 F.3d at 548. The tolling provision "excludes time during which properly filed state relief applications are pending, but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam). The tolling provision excludes from the limitations period only the time that the state relief application remained undecided, including the time during which an appeal from the denial of the motion was taken. *Saunders v. Senkowski*, 587 F.3d at 548; *Smith v. McGinnis*, 208 F.3d at 16.

In this case, Petitioner's conviction was affirmed by the Court of Appeals on October 20, 2017. *People v. Criss*, 30 N.Y.3d at 979. The conviction became "final" for purposes of the AEDPA ninety days later, on January 18, 2018, when the time to seek certiorari expired. *Gonzalez v. Thaler*, 565 U.S. at 149. Petitioner had one year from that date, or until January 18, 2019, to file a timely federal habeas petition.

However, Petitioner also filed a Criminal Procedure Law § 440.10 motion, dated September 2, 2018. SR at pp. 199-228. Pursuant to 28 U.S.C. § 2244(d)(2), statutory tolling applies for the time that Petitioner's 440 motion was being litigated. At the time that Petitioner filed the section 440.10 motion, the limitations period had run for 227 days, measured from January 18, 2018. The period remained tolled until June 13, 2019, when the Appellate Division denied leave to appeal. SR at p. 316. With 138 days remaining after the conclusion of the statutory toll, Petitioner had until October 29, 2019 to timely file his habeas petition. Accordingly, had the Petition been filed on November 1, 2019,

4

the date that it was signed, the Petition would have been three days late. That alone would render the petition untimely. *See White v. Conway*, 2011 WL 1315592 at *16-17 (E.D.N.Y. 2007) (dismissing petition filed one day late as untimely); *see also United States v. Locke*, 471 U.S. 84, 101 (1985) (holding that, "[i]f 1-day late filings are acceptable, 10-day late filings might be equally acceptable, and so on in a cascade of exceptions that would engulf the rule erected by the filing deadline").

Under the "prison mailbox rule," a *pro se* inmate's habeas corpus petition is deemed to be filed on the date it is given to prison officials. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (establishing the prison mailbox rule); *Reily v. Ercole*, 2007 WL 1490454 at *2 (E.D.N.Y. May 21, 2007). In situations where it is unclear when the inmate gave his petition to prison officials, courts tend to assume that the petition was submitted on the same day that it was dated and signed. *Reily v. Ercole*, 2007 WL 1490454 at *2. Where a prison inmate has offered a sworn declaration that the petition was submitted on a given date, the burden then shifts to the prison to demonstrate evidence to the contrary. *See id.* Correctional facilities can utilize an outgoing legal mail log to refute an inmate's claims in instances where the timing is in dispute. *See id.* at *3.

Here, although the Petition is dated November 1, 2019, Petitioner does not contend that this is the date it was delivered to prison officials. Dkt. No. 14 at p. 2. In fact, he admits that it was filed more than three weeks later, on November 26, 2019. *See id.* This is supported by the evidence produced by Respondent, demonstrating that the Petition was postmarked at the prison facility with a date of November 26, 2019. Dkt. No. 9-1, Decl. of Sandra M. Clark. Here, the evidence produced by Respondent, in conjunction

with Petitioner's own statements, is sufficient to rebut the presumption that the Petition was in fact mailed on the date it was signed, rendering the Petition twenty-eight days late.

## B. Applicability of Equitable Tolling

"A petitioner may secure equitable tolling of the limitations period in certain rare and exceptional circumstances." *Martinez v. Superintendent of E. Corr. Facility*, 806 F.3d 27, 31 (2d Cir. 2015) (internal quotations and alterations omitted) (citing cases). To demonstrate his entitlement to equitable tolling Petitioner "must establish that (a) 'extraordinary circumstances' prevented him from filing a timely petition, and (b) he acted with 'reasonable diligence' during the period for which he now seeks tolling." *Id.* (quoting *Smith v. McGinnis*, 208 F.3d at 17). There is "a high bar to deem circumstances sufficiently 'extraordinary' to warrant equitable tolling." *Rivera v. United States*, 448 Fed. Appx. 145, 146 (2d Cir. 2011) (citing *Dillon v. Conway*, 642 F.3d 358, 363 (2d Cir. 2011)). "In general, the difficulties attendant to prison life, such as 'transfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents do not by themselves qualify as extraordinary circumstances.'" *White v. Conway*, 2011 WL 1315592 at *5 (N.D.N.Y. Mar. 31, 2011) (citing *Amante v. Walker*, 268 F. Supp. 2d, 154, 158 (E.D.N.Y. 2003)). Moreover, a petitioner's lack of legal knowledge does not constitute extraordinary circumstances preventing him or her from filing a timely petition. *Jenkins v. Greene*, 630 F.3d 298, 305 (2d Cir. 2010); *see Smith v. McGinnis*, 208 F.3d at 18 (noting that a petitioner's *pro se* status does not establish sufficient ground for equitable tolling).

The filing at issue here was signed and dated by the Petitioner as of November 1, 2019, at which point the Petition was already three days late.  Dkt. No. 1 at p. 22.  By way of explanation, Petitioner indicates that he believed the calculation for the statute of limitations was measured in "business days," giving him until January 2, 2020.[4]  Dkt. No. 14 at p. 2.  Courts have repeatedly found a lack of sufficient legal knowledge such as this insufficient to establish extraordinary circumstances. *Paliulis v. Saratoga Cty. Prob. Dep't*, 2010 WL 1781600, at *6 (N.D.N.Y. May 3, 2010); *Wilson v. Bennett*, 188 F. Supp. 2d 347, 354 (S.D.N.Y. 2002) (citing cases).

Petitioner also explicitly acknowledges that the Petition was in fact filed not on November 1 but on November 26, 2019, blaming the more than three-week delay on an out-of-service copy machine in the prison law library and an inability to locate a notary. Dkt. No. 14 at p. 2.  Difficulties such as these are attendant to prison life, and do not rise to the level of extraordinary circumstances necessary to justify an equitable tolling of the statute of limitations. *See White v. Conway*, 2011 WL 1315592 at *5.  Moreover, given that the Petition was already untimely before such delays were allegedly encountered, any difficulties that arose after November 1, 2019 have minimal relevance to the overall timeliness of the petition.  As a result, no basis for equitable tolling exists.

### III.  CONCLUSION

For the reasons stated herein, it is hereby

---

[4] It appears that Petitioner may have arrived at this date by calculating 145 *business* days from the 145 days previously cited by the district court. *Criss v. Coveny*, 2019 WL 2287900 (N.D.N.Y. May 29, 2019).  Petitioner states that his decision to use business days in his calculation came from the erroneous advice of another inmate. Dkt. No. 14 at p. 2.

**RECOMMENDED**, that the Petition (Dkt. No. 1) be **DENIED** and **DISMISSED** as untimely; and it is further

**RECOMMENDED**, that no Certificate of Appealability ("COA") be issued because Petitioner has failed to make "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2);[5] and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:  September 29, 2020
        Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

[5] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that, if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation").