UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ISAIAH T. CRISS,

                               **Petitioner,**

  vs.                                                                    9:19-cv-1513
                                                                              (MAD/DJS)

**SUPERINTENDENT,** *Elmira Correctional Facility*,

                               **Respondent.**

---

**APPEARANCES:**                                      **OF COUNSEL:**

**ISAIAH T. CRISS**
**14-B-1630**
Elmira Correctional Facility
P.O. Box 500
Elmira, New York 14902
Petitioner *pro se*

**OFFICE OF THE NEW YORK**                **PAUL B. LYONS, AAG**
**STATE ATTORNEY GENERAL**
28 Liberty Street
New York, New York 10005
Attorneys for Respondent

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    *Pro se* Petitioner Isaiah Criss was convicted of murder in the second degree and criminal possession of a weapon upon a jury trial. *See* Dkt. No. 1 at 1-2. Petitioner was sentenced to concurrent prison terms of twenty-five years to life for his murder in the second degree conviction, as well as fifteen years, with five years of post-release supervision, for his criminal possession of a weapon conviction. *Id*.; Dkt. No. 10-1 at 233. Petitioner now seeks a Writ of

*Habeas Corpus* pursuant to 28 U.S.C. § 2254 on the following grounds: first, that he received ineffective assistance of counsel and, second, that the evidence adduced at trial was legally insufficient to support the jury's verdict. *See* Dkt. No. 1 at 6-8. Respondent has filed a Memorandum of Law in Opposition to the Petition, Dkt. No. 8, and an Answer, Dkt. No. 9, both on the limited issue of timeliness. Respondent maintains that Petitioner's claims are time-barred under the applicable statute of limitations. *See* Dkt. No. 8. Subsequently, Petitioner filed a Traverse. Dkt. No. 14.

In a Report-Recommendation and Order dated September 29, 2020, Magistrate Judge Daniel J. Stewart recommended that Petitioner's request for a Writ of *Habeas Corpus* be denied and dismissed as untimely and that no Certificate of Appealability ("COA") be issued. *See* Dkt. No. 15 at 8. Currently before the Court are Magistrate Judge Stewart's Report-Recommendation and Order and Petitioner's objections thereto.

## II. BACKGROUND

On January 25, 2013, Petitioner was named in an indictment that charged him with murder in the second degree and criminal possession of a weapon. *See* Dkt. No. 10-1 at 101. He was arraigned on the indictment in Broome County Court on February 6, 2013. *See id.* at 9. Petitioner pled not guilty to all counts and the matter was then scheduled for trial. *Id*. On March 4, 2014, Petitioner was found guilty of murder in the second degree and criminal possession of a weapon in the second degree following a jury trial. *See id.* at 233. Petitioner was sentenced to a term of imprisonment of twenty-five years to life for his murder conviction, to be served with a concurrent term of fifteen years with five years of post-release supervision for his criminal possession of a weapon conviction. *Id*.

Petitioner appealed to the New York Appellate Division, Third Department. *See id.* at 32. The Appellate Division unanimously affirmed Petitioner's convictions. *People v. Criss*, 151 A.D.3d 1275 (3d Dep't 2017). The New York Court of Appeals subsequently denied leave to appeal. *See People v. Criss*, 30 N.Y.3d 979 (2017). Thereafter, on September 2, 2018, Petitioner filed a Criminal Procedure Law § 440.10 motion. On January 17, 2019, the Broome County Court denied that motion and on June 13, 2019, the Appellate Division, Third Department denied leave to appeal. *See* Dkt. No. 10-1 at 316.

In his September 29, 2020 Report-Recommendation and Order, Magistrate Judge Stewart found that the Petition is untimely and should be dismissed. *See* Dkt. No. 15. Specifically, Magistrate Judge Stewart found that, at the time Petitioner filed his Section 440 motion, 227 days of the limitations period had run. *See id.* at 4. Further, the Report-Recommendation and Order found that this period remained tolled until June 13, 2019, when the Appellate Division denied leave to appeal. *See id.* With 138 days remaining after the conclusion of the statutory toll, Magistrate Judge Stewart found that Petitioner had until October 29, 2019 to timely file his habeas petition. *See id.* As such, had the Petition been filed on November 1, 2019, the date that it was signed, it would have been three days late, *e.g.*, untimely. *See id.* at 5-8. Further, Magistrate Judge Stewart noted that, although the Petition is dated November 1, 2019, it was not placed in the mail until November 26, 2019 (and received by the Court on December 6, 2019). *See id.* at 4-5; *see also* Dkt. No. 1-1. Therefore, Magistrate Judge Stewart found that the Petition is actually twenty-eight (28) days late and that Respondent sufficiently rebutted the presumption that the Petition was mailed on the date it was signed. *See id.* at 5-6. Finally, Magistrate Judge Stewart found that Petitioner failed to demonstrate that equitable tolling should apply to render his Petition timely. *See id.* at 6-7.

Petitioner filed objections to Magistrate Judge Stewart's Report-Recommendation and Order on October 19, 2020. *See* Dkt. No. 16. Generally, Petitioner raises the following arguments in his objections: (1) the legal arguments that he presented in the habeas petition were meritorious and Respondent never addressed or disputed such arguments; (2) he did show, as detailed in the habeas petition, that his trial counsel's performance was deficient and prejudiced him from receiving a fair trial; (3) his insufficient evidence claim proves he is innocent, the evidence offered at trial was not overwhelming, and his guilty verdict was a violation of his Sixth and Fourteenth Amendment rights; (4) Respondent had time to investigate the allegations in his habeas petition and Respondent has not established how they were prejudiced by the filing of such petition; and (5) he made a substantial showing of the denial of his constitutional right to effective assistance of counsel and a fair jury trial. *See id*.

### III. DISCUSSION

**A.     Standard of Review**

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). Further, "where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition, reviewing courts should review a report and recommendation for clear error." *McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007) (citations

4

omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has held that the court is obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan*, 289 F. Supp. 2d at 195 (quoting *Taguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

**B.     Timeliness of the Petition**

One of the most significant changes to a prisoner's litigation landscape that was brought about by Congress' enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") was the institution of a one-year statute of limitations applicable to habeas petitions filed after April 24, 1996. *See* 28 U.S.C. § 2244(d). The law now provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme

> Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *Cook v. New York State Div. of Parole*, 321 F.3d 274, 279-80 (2d Cir. 2003). As the Supreme Court observed in *Duncan v. Walker*, 533 U.S. 167 (2001), this statute of limitations "reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review." *Duncan*, 533 U.S. at 179; *see also Strauss v. Yelich*, No. 09-CV-0341, 2010 WL 1972781, *3 (N.D.N.Y. May 17, 2010) (citing *Duncan*, 533 U.S. at 179).

The AEDPA's statute of limitations contains a tolling provision which can serve to mitigate the potential harshness of the one-year filing requirement. *See* 28 U.S.C. § 2244(d)(2). This provision

> balances the interests served by the exhaustion requirement and the limitation period. Section 2244(d)(2) promotes the exhaustion of state remedies by protecting a state prisoner's ability later to apply for federal habeas relief while state remedies are being pursued. At the same time, the provision limits the harm to the interest in finality by according tolling effect only to properly filed application[s] . . . .

*Pace v. DiGuglielmo*, 544 U.S. 408, 427 (2005) (quoting *Duncan*, 533 U.S. at 179-80). It is well-settled, however, that this savings provision only tolls the statute of limitations during the pendency of a properly-filed state court proceeding; it does not "reset" the one-year limitations period. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000); *Duell v. Conway*, No. 9:07-CV-1321, 2010 WL 2695641, *4 (N.D.N.Y. May 6, 2010) (citation omitted).

In the present matter, Petitioner's conviction was affirmed by the New York State Court of Appeals on October 20, 2017. *See People v. Criss*, 30 N.Y.3d 979 (2017). Therefore, the conviction became "final" for purposes of the AEDPA ninety (90) days later, on January 18, 2018, when the time to seek certiorari expired. *See Gonzalez v. Thaler*, 565 U.S. 134, 149 (2012). As Magistrate Judge Stewart correctly found, Petitioner had one year from that date, or until January 18, 2019, to file a timely federal habeas petition. However, since Petitioner filed a Section 440.10 motion, dated September 2, 2018, pursuant to 28 U.S.C. § 2244(d)(2), statutory tolling applies for the time that the 440 motion was being litigated. At the time the 440 motion was filed, the limitations period had run for 227 days, measured from January 18, 2018, and remained tolled until June 13, 2019, when the Appellate Division denied leave to appeal. *See* Dkt. No. 10-1 at 316. With 138 days remaining after the conclusion of the statutory toll, Petitioner had until October 29, 2019 to timely file his habeas petition.

Here, the Petition is dated November 1, 2019, which, even if this were the date that the Court were to apply, would render the Petition several days late and subject to dismissal. *See White v. Conway*, No. 9:07-cv-1175, 2011 WL 1315592, *4 (N.D.N.Y. Mar. 31, 2011) (finding that the petition was untimely where it was filed one day late). In his Traverse, Petitioner does not contend that it was delivered to prison officials on November 1, 2019. *See* Dkt. No. 14 at 2. Rather, Petitioner admits that it was filed more than three weeks later, on November 26, 2019, which is further supported by evidence submitted by Respondent. *See id.*; *see also* Dkt. No. 9-1; Dkt. No. 1-1. Based on this evidence and Petitioner's admission, Magistrate Judge Stewart correctly determined that the Petition was mailed/filed on November 26, 2019, rendering it twenty-eight (28) days late.

**C.     Equitable Tolling**

Although Petitioner fails to address the issue of equitable tolling in his objections, in light of his *pro se* status, the Court will nevertheless assess whether he should benefit from this equitable relief.

As mentioned above, the AEDPA has a savings provision which tolls the statute of limitations while a properly filed state post-conviction motion remains pending. However, this savings provision only tolls the limitations period when the state post-conviction motion was filed within the one-year limitations period; it does not reset the one-year period. *See Gillard v. Sticht*, No. 9:16-cv-513, 2017 WL 318848, *2 (N.D.N.Y. Jan. 23, 2017) (citing *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)) (other citation omitted).

Although the AEDPA does not provide that the statute of limitations may be tolled for any reasons other than the pendency of a state post-conviction motion, in "extraordinary circumstances" the court may equitably toll the limitations period. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). In order to warrant equitable tolling, the petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Second Circuit has also determined that courts should consider a claim of "actual innocence" as a basis for excusing late filing under the AEDPA. *See Rivas v. Fischer*, 687 F.3d 514, 548 (2d Cir. 2012).

Petitioner argues that he believed that the calculation for the statute of limitations was measured in "business days," giving him until January 2, 2020 to file his Petition. *See* Dkt. No. 14 at 2. As Magistrate Judge Stewart correctly notes, however, courts have repeatedly found a lack of sufficient legal knowledge such as this insufficient to establish extraordinary circumstances. *See Paliulis v. Saratoga Cty. Prob. Dep't*, No. 9:08-cv-1281, 2010 WL 1781600, *7 (N.D.N.Y.

8

May 3, 2010) (citing cases); *Wilson v. Bennett*, 188 F. Supp. 2d 347, 354 (S.D.N.Y. 2002) (citing cases). Additionally, to the extent that Petitioner attempts to blame the typical difficulties attendant to prison life, such as an out-of-service copy machine in the prison law library and an inability to locate a notary,[1] these do not rise to the level of extraordinary circumstances justifying the application of equitable tolling. *See White*, 2011 WL 1315592, at *5. Further, given that the Petition was untimely before such delays were allegedly encountered, any difficulties that arose after November 1, 2019, have little-to-no relevance to the timeliness of the Petition.

Accordingly, the Court denies and dismisses the Petition as untimely.

**D.      Certificate of Appealability**

---

[1] Although Petitioner claims that the unavailability of a notary partially caused his delay in filing, the Court notes that Petitioner filed the standard form for petitions under 28 U.S.C. § 2254 provided by the Northern District of New York. *See* Dkt. No. 1. This form simply requires that the petitioner "declare ... under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year)." *Id.* at 22. Nothing on this standard form, the Federal Rules of Civil Procedure or the Rules Governing Section 2254 Cases in the United States District Courts requires the petition to be notarized. *See* Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Courts (requiring the petition to "be signed under penalty of perjury by the petitioner"). In this case, the Petition was not notarized and Petitioner did not move to proceed *in forma pauperis* (which is the only other form that would be required to be filed under penalty of perjury). Therefore, it is unclear how the temporary unavailability of a notary could have possibly contributed to any additional delay. Moreover, even assuming that Petitioner was required to notarize the Petition, the Rules dictate that the Clerk of the Court is required to file the Petition even if it is deficient in some way. *See Schwarz v. Lindsey*, No. 18-cv-13531, 2020 WL 515817, *6 (E.D. Mich. Jan. 31, 2020) (refusing to apply equitable tolling where the petitioner was unable to have his certified account statement notarized for several weeks because the petitioner "could have filed his habeas petition and the application to proceed *in form pauperis* without having a notary public sign his financial affidavit regarding the fees or costs for this action"); Fed. R. Civ. P. 5(d)(4) ("The clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice"); Rule 3(b) of the Rules Governing Section 2254 Cases in the United States District Courts ("The clerk must file the petition and enter it on the docket"); Advisory Committee Note to the 2004 Amendments to Habeas Rule 3(b) (stating that, pursuant to Rule 3(b), "the clerk would ... be required ... to file the petition even though it lacked the required filing fee or an *in forma pauperis* form").

28 U.S.C. § 2253(c)(1) provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from – (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]"[2] 28 U.S.C. § 2553(c)(1).  A court may only issue a Certificate of Appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2553(c)(2).

Since Petitioner has failed to make such a showing with regard to any of his claims, the Court declines to issue a Certificate of Appealability in this matter.  *See Hohn v. United States*, 524 U.S. 236, 239-40 (1998) (quotation omitted).  Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum-Decision and Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Stewart's September 29, 2020 Report-Recommendation and Order is **ADOPTED in its entirety** for the reasons stated herein; and the Court further

**ORDERS** that the Petition is **DENIED and DISMISSED**; and the Court further

---

[2] Rule 22 of the Federal Rules of Appellate Procedure also provides that an appeal may not proceed in such actions "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1).

**ORDERS** that no Certificate of Appealability shall be issued with respect to any of Petitioner's claims; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Respondent's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 1, 2020
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge